IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
BIG STONE GAP DIVISION

| | |
|---|---|
| ROSALYNE C. ROBBINS, Executrix of the Estate of PATRICIA LYNN JONES, Deceased,<br><br>        Plaintiff,<br><br>v.<br><br>NEW BERN TRANSPORT CORPORATION,<br>Serve:  CT Corporation System,<br>         Its Registered Agent<br>         4701 Cox Road, Suite 285<br>         Glen Allen, Virginia 23060-6808<br>         (Henrico County)<br>and<br><br>ERIK WILLIAM SCHULTZ,<br>Serve:  2101 Alnwick Blvd.<br>         Maryville, Tennessee 37801-8235<br>         (Secretary of the Commonwealth)<br><br>        Defendants. | Case No. |

## COMPLAINT

COMES NOW the Plaintiff, by counsel, and files this her Complaint against Defendants New Bern Transport Corporation ("New Bern") and Erik William Schultz ("Schultz") (collectively "Defendants"), and in support states as follows:

### Parties

1. On the afternoon of July 30, 2020, Patricia Lynn Jones ("Ms. Jones") suffered catastrophic injuries in Scott County, Virginia that took her life as a result of the negligent operation of a New Bern tractor-trailer operated by Schultz.

2. At the time of her death, Ms. Jones resided at 240 Old Homeplace Drive, Duffield, Virginia 24244 (Lee County).

GENTRY LOCKE
Attorneys
ROANOKE, VIRGINIA

24834/1/10069268v1

3. Rosalyne C. Robbins ("Plaintiff" or "Ms. Robbins") was Ms. Jones' granddaughter and named in Ms. Jones' last will and testament as the executrix of Ms. Jones' estate.

4. Ms. Robbins qualified as executrix in the Lee County Circuit Court on 07/31/2020.

5. At all times and places pertinent to this action, Schultz was a citizen of the state of Tennessee, with his residence in Maryville.

6. New Bern is a New York corporation engaged in interstate commerce for profit and regularly and systematically conducts business within the Commonwealth of Virginia by operation of tractor-trailers along Virginia roadways.

7. New Bern's principal place of business is 111 Westchester Ave., Harrison, NY 10604-3525.

8. At all times and places pertinent to this action, New Bern was a carrier/broker who owned, operated, and managed a trucking company based in New York.

9. Defendant New Bern is a motor carrier registered with the U.S. Department of Transportation under USDOT No. 692947.

10. Defendant New Bern's Federal Motor Carrier No. is MC-321263.

11. At all times and places pertinent to this action, New Bern acted through its employees and agents, including, but not limited to, Schultz.

12. At all times and places pertinent to this action, Schultz was an employee and/or agent of New Bern.

13. At all times and places pertinent to this action, Schultz was acting in the course and scope of his employment and/or agency with New Bern.

14. At all times and places pertinent to this action, New Bern was vicariously liable for Schultz's actions and omissions.

GENTRY LOCKE
Attorneys
ROANOKE, VIRGINIA

24834/1/10069268v1

## Jurisdiction and Venue

15. This Court has subject matter jurisdiction under 28 U.S.C. § 1332.

16. The amount in controversy in this matter exceeds the sum or value of $75,000, exclusive of interest and costs.

17. There is complete diversity between the parties.

18. This Court has personal jurisdiction over all Defendants as they each have at least minimum contacts with the Commonwealth of Virginia.

19. Venue is proper in this judicial district under 28 U.S.C. § 1391 and Local Rule 2(b) for the United States District Court for the Western District of Virginia because, at all times material hereto, a substantial part of the events or omissions giving rise to this suit occurred in this judicial district.

## Facts

20. On or about July 30, 2020, at approximately 12:50 p.m., Ms. Jones was operating a 2003 Chevrolet Avalanche and travelling southbound on Route 23 in Scott County.

21. Ms. Jones was obeying all traffic laws and her vehicle had automated exterior lights which were activated.

22. At the same time and place, Schultz was operating a 2016 Volvo VNM tractor-trailer truck, hauling an empty trailer, and traveling southbound on Route 23 ahead of Ms. Jones.

23. This tractor-trailer truck was owned by New Bern.

24. The road conditions were wet and there was heavy rain.

25. Despite road conditions, Schultz continued to operate his tractor-trailer at speeds in excess of the posted speed limit.

26. As Schultz neared the intersection of Route 23 and State Route 871, he continued to operate his tractor-trailer in excess of the posted speed limit.

GENTRY LOCKE
Attorneys
ROANOKE, VIRGINIA

24834/1/10069268v1

27. In fact, Schultz continued to operate his tractor-trailer in gross excess of a safe operating speed given the weight of his vehicle, his hauling an empty trailer, and the road and weather conditions.

28. As Schultz neared the intersection of Route 23 and State Route 871, he blatantly disregarded posted signage indicating the maximum safe speed in that area was fifty (50) miles per hour.

29. As a result of Schultz's excessive speed, he was unable to maintain control of his tractor-trailer, locked up his brakes, and began to skid out of the roadway.

30. Schultz's trailer skidded for more than seventy (70) feet.

31. Schultz struck a rock wall on the right-hand side of southbound Route 23 with his tractor-trailer, approximately .4 miles north of State Route 871.

32. Despite the length of the skid, Schultz's trailer struck the rock wall travelling at a speed in excess of forty-five (45) miles per hour.

33. Given the speed of Schultz's tractor-trailer, and the resultant force that carried, the impact caused the vehicle to slide along the rock wall.

34. The shoulder at the site of the crash was approximately fifty-eight (58) inches wide.

35. Ultimately, Schultz's trailer came to rest in a position that was perpendicular to the right-hand lane of southbound Route 23.

36. As a result of the collision, the trailer being hauled by Schultz's tractor came to rest at an angle to the tractor which placed it into the right-hand lane of southbound Route 23.

37. The location where Schultz's tractor-trailer came to rest is described as a "really bad curve."

38. Shortly following the initial collision which was caused by Schultz's negligence, Ms. Jones' vehicle approached the site where Mr. Schultz's trailer was jutting into the road.

GENTRY LOCKE
Attorneys
ROANOKE, VIRGINIA

4

39. Ms. Jones attempted to engage in evasive maneuvers including, but not limited to, navigating outside the roadway to avoid striking the trailer.

40. Ms. Jones did not "slam" on her brakes as doing so in the road conditions would have been negligent and potentially resulted in her vehicle immediately losing control.

41. Ms. Jones was travelling with her eleven-year-old grandson, Brogan, at this time.

42. Ms. Jones, in her attempts to avoid Mr. Schultz's trailer, lost control of her vehicle.

43. Upon information and belief, Ms. Jones' vehicle experienced some form of hydroplaning during her attempts to avoid Schultz's trailer in the road.

44. Suddenly, and without warning, Ms. Jones' vehicle regained traction and caused her vehicle to turn perpendicular to the roadway.

45. After turning perpendicular, Ms. Jones' vehicle collided with the back left corner of Schultz's trailer along the driver's side of her vehicle.

46. The resultant forces of this collision caused Ms. Jones' death.

47. Schultz was charged with reckless driving (failure to maintain control), in violation of Virginia Code § 46.2-852.

48. Ultimately, on March 9, 2021, Schultz was convicted of improper driving, in violation of Virginia Code § 46.2-869.

## Causes of Action

### COUNT ONE
### Negligence
*Defendant Erik William Schultz*

49. The preceding paragraphs are hereby incorporated as if fully set forth herein.

50. At all times relevant hereto, Schultz owed Ms. Jones numerous duties, including, but not limited to:

   a. The duty to operate the tractor-trailer with reasonable care and due regard for others;

5

    b. The duty to give full time and attention to the operation of the tractor-trailer;

    c. The duty to operate the tractor-trailer in a safe manner;

    d. The duty to obey traffic signs;

    e. The duty to obey posted speed limits;

    f. The duty to not exceed the recommended safe speed for the geometry of the road;

    g. The duty to operate the tractor-trailer at a speed safe for roadway conditions;

    h. The duty to operate the tractor-trailer at a speed safe for weather conditions;

    i. The duty to maintain the tractor-trailer under proper control;

    j. The duty to maintain the tractor-trailer and its components within he proper lane of travel;

    k. The duty to operate the tractor-trailer in such a way as to not obstruct or impede the travel of Plaintiff's vehicle;

    l. Otherwise operating the tractor-trailer recklessly and negligently in such a way as to allow the collision to occur.

51. Schultz breached those duties and was negligent in at least the following respects:

    a. Schultz did not operate the tractor-trailer with reasonable care and due regard for others;

    b. Schultz did not give full time and attention to the operation of the tractor-trailer;

    c. Schulz did not operate the tractor-trailer in a safe manner;

    d. Shultz did not obey traffic signs;

    e. Schultz did not obey posted speed limits;

    f. Shultz exceeded the recommended safe speed for the geometry of the road;

    g. Schultz did not operate the tractor-trailer at a safe speed for roadway conditions;

    h. Schultz did not doperate the tractor-trailer at a speed safe for weather conditions;

GENTRY LOCKE
Attorneys
ROANOKE, VIRGINIA

24834/1/10069268v1

    i. Schultz did not maintain the tractor-trailer under proper control;

    j. Schultz did not maintain the tractor-trailer and its components within the proper lane of travel;

    k. Schultz did not operate the trailer-trailer in such a way as to not obstruct or impede the travel of Plaintiff's vehicle;

52. As a direct and proximate cause of Schultz's negligence, Ms. Jones lost her life.

53. Ms. Jones' statutory beneficiaries suffered, and will continue to suffer, sorry, mental anguish, loss of solace, loss of income, loss of services, loss of protection, loss of care, loss of Ms. Jones' assistance, and the other items of damages recoverable under Virginia law.

54. As a further proximate result of Schultz's negligence, expenses were incurred for the funeral and burial of Ms. Jones.

55. Plaintiff seeks for Ms. Jones' statutory beneficiaries to be fully and fairly compensated to the fullest extent permitted under Virginia law for their losses and damages.

**COUNT TWO**
**Negligence**
*Defendant New Bern Transport Corporation*

56. The preceding paragraphs are hereby incorporated as if fully set forth herein.

57. At all times relevant hereto, New Bern was acting through its employee and/or its agent, Schultz.

58. At all times relevant hereto, New Bern owed Ms. Jones numerous duties including, but not limited to:

    a. The duty to operate the tractor-trailer with reasonable care and due regard for others;

    b. The duty to give full time and attention to the operation of the tractor-trailer;

    c. The duty to operate the tractor-trailer in a safe manner;

    d. The duty to obey traffic signs;

GENTRY LOCKE
Attorneys
ROANOKE, VIRGINIA

7

24834/1/10069268v1

   e. The duty to obey posted speed limits;

   f. The duty to not exceed the recommended safe speed for the geometry of the road;

   g. The duty to operate the tractor-trailer at a speed safe for roadway conditions;

   h. The duty to operate the tractor-trailer at a speed safe for weather conditions;

   i. The duty to maintain the tractor-trailer under proper control;

   j. The duty to maintain the tractor-trailer and its components within he proper lane of travel;

   k. The duty to operate the tractor-trailer in such a way as to not obstruct or impede the travel of Plaintiff's vehicle;

   l. Otherwise operating the tractor-trailer recklessly and negligently in such a way as to allow the collision to occur.

59. New Bern breached those duties and was negligent in at least the following respects:

   a. New Bern did not operate the tractor-trailer with reasonable care and due regard for others;

   b. New Bern did not give full time and attention to the operation of the tractor-trailer;

   c. New Bern did not operate the tractor-trailer in a safe manner;

   d. New Bern did not obey traffic signs;

   e. New Bern did not obey posted speed limits;

   f. New Bern exceeded the recommended safe speed for the geometry of the road;

   g. New Bern did not operate the tractor-trailer at a safe speed for roadway conditions;

   h. New Bern did not operate the tractor-trailer at a speed safe for weather conditions;

   i. New Bern did not maintain the tractor-trailer under proper control;

   j. New Bern did not maintain the tractor-trailer and its components within the proper lane of travel;

GENTRY LOCKE
Attorneys
ROANOKE, VIRGINIA

8

24834/1/10069268v1

    k. New Bern did not operate the trailer-trailer in such a way as to not obstruct or impede the travel of Plaintiff's vehicle;

60. As a direct and proximate cause of New Bern's negligence, Ms. Jones lost her life.

61. Ms. Jones' statutory beneficiaries suffered, and will continue to suffer, sorry, mental anguish, loss of solace, loss of income, loss of services, loss of protection, loss of care, loss of Ms. Jones' assistance, and the other items of damages recoverable under Virginia law.

62. As a further proximate result of New Bern's negligence, expenses were incurred for the funeral and burial of Ms. Jones.

63. Plaintiff seeks for Ms. Jones' statutory beneficiaries to be fully and fairly compensated to the fullest extent permitted under Virginia law for their losses and damages.

WHEREFORE, Plaintiff, Rosalyne C. Robbins, hereby moves this Court for judgment against the defendants, jointly and severally, in the amount of FOUR MILLION DOLLARS ($4,000,000), plus her taxable costs with interest on these amounts from July 30, 2020.

TRIAL BY JURY IS DEMANDED.

ROSALYN C. ROBBINS, Executrix of the
Estate of PATRICIA L. JONES, Deceased

/s/ Charles R. Calton
Of Counsel

Charles H. Smith, III (VSB No. 32891)
Powell M. Leitch, III (VSB No. 27420)
Charles R. Calton (VSB No. 90604)
GENTRY LOCKE
10 Franklin Road S.E., Suite 900
P.O. Box 40013
Roanoke, Virginia 24022-0013
(540) 983-9300
FAX: (540) 983-9400
smith@gentrylocke.com
leitch@gentrylocke.com
calton@gentrylocke.com

GENTRY LOCKE
Attorneys
ROANOKE, VIRGINIA

24834/1/10069268v1

Thomas W. Baker (VSB No. 48061)
Thomas W. Baker PLLC
197 W. Jackson Street
P.O. Box 669
Gate City, VA 24251
(276) 386-7701
FAX: (276)386-2377
tbaker@kilgorelawoffice.com

*Counsel for Plaintiff*